# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| 2012 DYNASTY UC LLC; FLINN INVESTMENTS, LLC; LAWRENCE FLINN, JR. 1975 TRUST FBO ADRIANE S. FLINN; LAWRENCE FLINN, JR. 1975 TRUST FBO LAWRENCE FLINN III; LFJR 2010 GRAT REMAINDER TRUST; LFJR 2012 DYNASTY LLC - SERIES A; LAWRENCE FLINN, JR. 1975 TRUST FBO MARION FLINN MOULTON; STEPHANIE AND LAWRENCE FLINN, JR. CHARITABLE TRUST; and STEPHANIE S. FLINN MASTER PARTNERSHIP,<br><br>                Plaintiffs,<br><br>    v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC.; J. MICHAEL PEARSON; HOWARD B. SCHILLER; ROBERT L. ROSIELLO; TANYA CARRO; and PRICEWATERHOUSECOOPERS,<br><br>                Defendants. | Civil Action No. 3:18-cv-08595 (MAS) (LHG)<br><br>**(ORAL ARGUMENT REQUESTED)**<br><br>Motion Day: August 6, 2018 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS THE COMPLAINT

Richard Hernandez
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey  07102
Telephone: (973) 848-8615
Facsimile: (973) 297-6615

Paul C. Curnin (*pro hac vice*)
Craig S. Waldman (*pro hac vice*)
Daniel J. Stujenske (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Valeant Pharmaceuticals International, Inc. and Robert Rosiello*

(*Additional counsel listed on signature page*)

## **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ............................................................................................................................ 2

ARGUMENT .................................................................................................................................. 2

I. PLAINTIFFS' COMMON-LAW AND NJ RICO CLAIMS MUST BE DISMISSED FOR THE SAME REASONS AS THE *LORD ABBETT* PLAINTIFFS' COROLLARY CLAIMS ............................................................................................. 2

II. EVEN IF THE COURT FINDS THAT PLAINTIFFS HAVE STATED A NJ RICO CLAIM, THAT CLAIM MUST BE DISMISSED BECAUSE IT IS PREEMPTED BY SLUSA ............................................................................................................. 3

    A. This Action Constitutes A "Covered Class Action" Under SLUSA ...................... 3

    B. Each State Law Claim—Including The NJ RICO Claims—Alleges Misrepresentations In Connection With Trades of Covered Securities ................... 5

CONCLUSION ............................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Page(s)**

**Other Authorities**

*Discovery Global Citizens Master Fund, Ltd. v. Valeant Pharm. Int'l, Inc.*,
　2018 WL 406046 (D.N.J. Jan. 12, 2018) ........................................................ 2, 3, 4, 5

*Friedman v. JPMorgan Chase & Co.*,
　2016 WL 2903273 (S.D.N.Y. May 18, 2016) ........................................................ 7

*In re NAHC, Inc. Sec. Litig.*,
　306 F.3d 1314 (3d Cir. 2002) .................................................................................. 2

*LaSala v. Bordier et Cie*,
　519 F.3d 121 (3d Cir. 2008) ................................................................................ 3, 5

*Rowinski v. Salomon Smith Barney Inc.*,
　398 F.3d 294 (3d Cir. 2005) .................................................................................... 6

*Semerenko v. Cendant Corp.*,
　223 F.3d 165 (3d Cir. 2000) .................................................................................... 6

*Stichting Pensioenfonds ABP v. Merck & Co., Inc.*,
　2012 WL 3235783 (D.N.J. Aug. 1, 2012) ............................................................... 4

**Rules**

15 U.S.C. § 78bb ............................................................................................................ 3

Defendants Valeant Pharmaceuticals International, Inc., J. Michael Pearson, Howard B. Schiller, Robert L. Rosiello, Tanya Carro, and PricewaterhouseCoopers LLP (collectively "Defendants") respectfully submit this memorandum of law, pursuant to Federal Rule of Civil Procedure 12(b)(6), in support of their motion to dismiss Counts I, II, III, VI, and VII of the Complaint with prejudice.

## PRELIMINARY STATEMENT

Defendants have already filed motions to dismiss covering the substantive claims alleged in this action. *See Lord Abbett Inv. Trust-Lord Abbett Short Duration Income Fund et al. v. Valeant Pharm. Int'l, Inc., et al.*, No. 3:17-cv-06365 (D.N.J. Dec. 6, 2017), ECF No. 58-62 (Motions to Dismiss).[1] These motions demonstrated why Plaintiffs' attempt to transform allegations of securities fraud into claims for treble damages under the New Jersey Racketeer Influenced and Corrupt Organizations Act ("NJ RICO") and other common-law causes of action fail to state a claim, and the parties have stipulated that dismissal of the NJ RICO and common-law causes of action in *Lord Abbett* shall result in dismissal of the corollary claims here. *See* ECF No. 11.[2]

Defendants submit this brief to alert the Court that, even if the Court does not dismiss the *Lord Abbett* NJ RICO claims for failing to state a claim, those claims also fail for the additional reason that they are preempted by Securities Litigation Uniform Standards Act ("SLUSA"). As this Court has held, SLUSA preempts state law claims in any "covered class action" that "alleges

---

[1] The motions to dismiss in *Lord Abbett* also applied to *The Boeing Co. Emp. Ret. Plans Master Trust and the Boeing Co. Emp. Sav. Plans Master Trust v. Valeant Pharm. Int'l, Inc., et al.*, No. 3:17-cv-07636 (D.N.J. Sept. 28, 2017) and *Pub. Emp.s' Ret. Sys. of Miss. v. Valeant Pharm. Int'l, Inc., et al.*, No. 3:17-cv-07625 (D.N.J. Sept. 28, 2017).

[2] These motions were filed before a jury convicted former Valeant and Philidor employees of conspiring to act against Valeant's interests regarding the issues at the heart of this case. The substantive impact of the conviction on the RICO claims is discussed in a separate letter being filed in *Lord Abbett* shortly.

a misrepresentation or deceptive device in connection with a securities trade." *See Discovery Global Citizens Master Fund, Ltd. v. Valeant Pharm. Int'l, Inc.*, 2018 WL 406046, at *5 (D.N.J. Jan. 12, 2018). This Court's prior rulings in related cases establish that this action is a "covered class action." *Id.* at *5–6. Plaintiffs' Complaint—which states that the sole purpose of the RICO Enterprise was to profit from the sale of inflated securities, compl. ¶ 398—confirms that the NJ RICO allegations allege misrepresentations in connection with trades of securities. Because the elements of SLUSA preemption are satisfied, the NJ RICO claims are preempted.

## BACKGROUND[3]

Plaintiffs are sophisticated investment funds that purchased an unspecified quantity of Valeant common stock between August 15, 2014 and November 10, 2015. Compl. ¶ 28. Because Plaintiffs' allegations repeat the allegations in *Lord Abbett*, Defendants incorporate by reference the background section of the *Lord Abbett* Motions to Dismiss. *Lord Abbett*, No. 3:17-cv-06365 (D.N.J. Dec. 6, 2017), ECF No. 61–1, at 3–8.

## ARGUMENT

**I. PLAINTIFFS' COMMON-LAW AND NJ RICO CLAIMS MUST BE DISMISSED FOR THE SAME REASONS AS THE *LORD ABBETT* PLAINTIFFS' COROLLARY CLAIMS**

The parties stipulate that "the Court's disposition of the *Lord Abbett* Motions to Dismiss shall be deemed to apply to the claims brought by the Plaintiffs and the Parties in the above-captioned action." ECF No. 11 § (b). Accordingly, dismissal of the NJ RICO, common-law

---

[3] This background is drawn from the allegations in the Complaints, which are accepted as true for purposes of these motions to dismiss only, and from other documents properly considered on a motion to dismiss. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1322–23, 1331 (3d Cir. 2002).

2

fraud, and/or common-law negligent misrepresentation claims in *Lord Abbett* will result in dismissal of the corollary claims here.[4]

## II. EVEN IF THE COURT FINDS THAT PLAINTIFFS HAVE STATED A NJ RICO CLAIM, THAT CLAIM MUST BE DISMISSED BECAUSE IT IS PREEMPTED BY SLUSA

SLUSA preempts state law claims that "(1) make use of a procedural vehicle akin to a class action, and (2) allege a misrepresentation or deceptive device in connection with a securities trade." *LaSala v. Bordier et Cie*, 519 F.3d 121, 128 (3d Cir. 2008). Earlier this year, this Court recognized that SLUSA preempted state law claims in six related opt-out suits premised upon the same facts and legal theories as the Class Action. *See Discovery Global*, 2018 WL 406046, at *5–6. The same reasoning compels dismissal of Plaintiffs' state law claims here.

### A. This Action Constitutes A "Covered Class Action" Under SLUSA

A "covered class action" includes "any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which (I) damages are sought on behalf of more than 50 persons; and (II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose." 15 U.S.C. § 78bb(f)(5)(B).[5] The Court's ruling in *Discovery*

---

[4] Defendant PricewaterhouseCoopers LLP ("PwC") also moved to dismiss the claim under Section 10(b) of the 1934 Securities and Exchange Act in the *Lord Abbett* cases for failure to state a claim. By the stipulation, the Court's ruling in *Lord Abbett* on the Section 10(b) claim against PwC will apply to Count IV here. PwC is not named in a common-law negligent misrepresentation claim in any case.

[5] The similarly situated plaintiffs in *Lord Abbett*, represented by the same counsel as Plaintiffs here, acknowledged that the Court's *Discovery Global* ruling compelled a finding that *Lord Abbett* was a "covered class action":

> Recognizing that the Court has recently determined that several other related actions were part of a "covered class action," Plaintiffs will not argue that these Actions are not part of a "covered class action"—though they respectfully disagree with the holding and reserve all rights.

3

*Global* confirms that this case is part of the same "covered class action" the Court identified. That result makes sense here for at least the following three reasons.

*First*, this action is one of twenty-eight opt-out suits before this Court alleging, as the Class Action alleges, that Valeant made material misrepresentations or omissions about Philidor and related matters in violation of the Exchange Act. Indeed, virtually every allegedly false or misleading statement identified in these cases is at issue in the Class Action. *Compare* Compl. ¶¶ 146–303 *with In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658 (D.N.J. June 24, 2016), ECF No. 80 ¶¶ 132–230 (Class Action Complaint). Thus, this case is "premised on the same factual and legal theories" as the other opt-out actions and the Class Action. *Discovery Global*, 2018 WL 406046, at *6.

*Second*, this group of lawsuits—including the instant action, "the class action, and the other opt-out actions"—seek damages on behalf of well over fifty plaintiffs. *Id.*

*Third,* this Court was "satisfied that the level of coordination" amongst the plaintiffs in *Discovery Global*, the class action, and the other opt-out actions demonstrates that these actions are "proceed[ing] as a single action for any purpose" so as to trigger preemption. *Id.* at *5–6 (citing *Stichting Pensioenfonds ABP v. Merck & Co., Inc.*, 2012 WL 3235783, at *14 (D.N.J. Aug. 1, 2012)). The level of coordination among these actions has only increased since the *Discovery Global* decision as, among other things, the parties entered a joint stipulation agreeing to stay this action in tandem with the Class Action, and have filed multiple joint status reports and proposed a joint status conference. *Discovery Global,* No. 3:16-cv-07321 (D.N.J. Nov. 29, 2017), ECF No. 70 (Stipulation and Order Regarding Partial Stay); *Discovery Global,* No. 3:16-cv-07321 (D.N.J. Mar. 12, 2018), ECF No. 77 (Joint Status Report); *In re Valeant Pharm. Int'l*

---

*Lord Abbett*, No. 3:17-cv-06365 (D.N.J. Feb. 5, 2018), ECF No. 83 at 44 n.37 (Opp'n Br.).

*Inc. Sec. Litig.*, No. 3:15-cv-07658 (D.N.J. May 18, 2018), ECF No. 313 (Joint Status Report); *In re Valeant Pharm. Int'l Inc. Sec. Litig.*, No. 3:15-cv-07658 (D.N.J. May 30, 2018), ECF No. 315 (Joint Status Report).

    **B.    Each State Law Claim—Including The NJ RICO Claims—Alleges Misrepresentations In Connection With Trades of Covered Securities**

In *Lord Abbett*, the plaintiffs did not contest that their common-law claims alleged misrepresentations in connection with securities trades; instead, they argued that Valeant *notes* are not "covered securities" as defined by SLUSA. *Lord Abbett*, No. 3:17-cv-06365 (D.N.J. Feb. 5, 2018), ECF No. 83 at 44–46 (Opp'n Br.). Here, Plaintiffs purchased only Valeant common stock—the same securities directly at issue in *Discovery Global*. 2018 WL 406046, at *6. Valeant common stock is thus a "covered security."[6] As such, the state law claims "allege a misrepresentation or deceptive device in connection with a securities trade." *LaSala*, 519 F.3d at 128.

Additionally, Plaintiffs' NJ RICO claims allege misrepresentations "in connection with" transactions in those covered securities. In determining whether state law claims concern misrepresentations in connection with securities transactions, the Third Circuit applies a "broad and flexible" framework consisting of four factors:

> First, whether the covered class action alleges a "fraudulent scheme" that "coincides" with the purchase or sale of securities; second, whether the complaint alleges a material misrepresentation or omission "disseminated to the public in a medium upon which a reasonable investor would rely"; third, whether the nature of the parties' relationship is such that it necessarily involves the purchase or sale of securities; and fourth, whether the prayer for relief "connects" the state law claims to the purchase or sale of securities.

---

[6]     For this reason, even if the Court finds that Defendants' common-law claims in *Lord Abbett* are not subject to SLUSA preemption because they concern Valeant notes, the common-law claims here would still be subject to SLUSA preemption.

*Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294, 302–04 (3d Cir. 2005) (internal citations omitted). The Complaint's summary of Plaintiffs' NJ RICO allegations confirms that each of these factors weighs in favor of preemption.

The first factor, which asks whether the alleged fraudulent scheme coincides with the purchase or sale of securities, is easily satisfied because the Complaint explicitly states in its NJ RICO summary that "but for Defendants' fraudulent conduct," Plaintiffs and the investing public would not have "elect[ed] to purchase and own Valeant securities." Compl. ¶ 400.

The second factor—whether the allegedly material misrepresentation or omission was disseminated "in a medium upon which a reasonable investor would rely"—is also satisfied here. The Third Circuit recognizes that investors reasonably rely on publicly filed offering documents, press releases, and publicly filed annual reports. *Semerenko v. Cendant Corp*., 223 F.3d 165, 175–76 (3d Cir. 2000) (internal citations omitted). The alleged misstatements were made in precisely such documents. Compl. ¶¶ 146–303, 405. Moreover, the NJ RICO section of the Complaint explicitly states that "Plaintiffs and the investing public *reasonably relied* [on misstatements or omissions] in electing to purchase and own Valeant securities . . . ." Compl. ¶ 400 (emphasis added).

Third, the Complaint demonstrates that the parties' relationship involved the purchase or sale of securities. The Complaint, in discussing NJ RICO, notes that "Plaintiffs and the investing public reasonably relied [on Defendant's alleged misstatements] in electing to *purchase* and own Valeant securities . . ." *Id.* (emphasis added).

Fourth and finally, the prayer for relief in the first NJ RICO Count of the Complaint "connects" the state law NJ RICO claims to the purchase or sale of securities:

> These violations [of NJ RICO] caused Plaintiffs to suffer direct injury to their business and property through massive losses in investment opportunities and

6

> gains, and fees and expenses, caused by the Enterprise's wrongful actions described herein. Plaintiffs, therefore, are entitled to recover from the Defendants the amount in which they have been damaged, to be trebled in accordance with [NJ RICO]. . .

Compl. ¶ 411. Thus, all four factors are satisfied and Plaintiffs' NJ RICO claims allege misrepresentations "in connection with" trades of covered securities.

Applying the Second Circuit's similarly broad preemption framework, the Southern District of New York recently found that SLUSA preempted analogous NJ RICO claims. In *Friedman v. JPMorgan Chase & Co.*, plaintiffs brought a class action lawsuit against banks implicated in the Bernie Madoff Ponzi scheme scandal, asserting claims under Section 10(b) of the Exchange Act, NJ RICO, and other state law causes of action. 2016 WL 2903273, at *1 (S.D.N.Y. May 18, 2016). The court determined that SLUSA preempted plaintiffs' NJ RICO claim because it was predicated on the same allegedly fraudulent securities transactions that were actionable under the Exchange Act. *Id.* at *15. The *Friedman* court's basis for preemption applies with equal force here as, among other things, Plaintiffs expressly plead an overlap between the alleged NJ RICO violations and the alleged Exchange Act violations. *See* Compl. ¶ 400 ("Such misrepresentations and omissions, constitute securities fraud in violation of [NJ RICO], which conduct independently constitutes violations of [the Exchange Act]"). Accordingly, SLUSA preempts Plaintiffs' NJ RICO claim, as the well the conspiracy and aiding and abetting claims premised upon NJ RICO.

## CONCLUSION

Defendants request that the Court dismiss with prejudice Counts I, II, III, VI, and VII of the Complaint.

Dated: June 15, 2018

7

/s/  Richard Hernandez
Richard Hernandez
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey  07102
Telephone: (973) 848-8615
Facsimile: (973) 297-6615

*Local Counsel for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, and Tanya Carro*

**SIMPSON THACHER & BARTLETT LLP**

Paul C. Curnin (*pro hac vice*)
Craig S. Waldman (*pro hac vice*)
Daniel J. Stujenske (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Valeant Pharmaceuticals International, Inc. and Robert L. Rosiello*

**COOLEY LLP**
William J. Schwartz
Laura G. Birger
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 479-6000
Fax: (212) 479-6275

*Counsel for Tanya Carro*

**DEBEVOISE & PLIMPTON LLP**

/s/ *Holly S. Wintermute*
Holly S. Wintermute
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Fax: (212) 909-6836

8

Jonathan R. Tuttle
Ada. F. Johnson
801 Pennsylvania Avenue, NW
Washington, D.C. 20004
Telephone: (202) 383-8000
Fax: (202) 383-8118

*Counsel for J. Michael Pearson*

**CHIESA SHAHINIAN & GIANTOMASI PC**

/s/ *A. Ross Pearlson*
A. Ross Pearlson
One Boland Drive
West Orange, NJ 07052
Telephone: (973) 530-2100
Fax: (973) 530-2300

*Local Counsel for PricewaterhouseCoopers LLP*

**KING & SPALDING LLP**

James J. Capra (*pro hac vice pending*)
1185 Avenue of the Americas
New York, NY 10036
Telephone: (212) 556-2100
Fax: (212) 556-2222

Kenneth Y. Turnbull (*pro hac vice pending*)
1700 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 737-0500
Fax: (202) 626-3737

*Counsel for PricewaterhouseCoopers LLP*

**WINSTON & STRAWN LLP**

/s/ *James S. Richter*
James S. Richter
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Fax: (212) 294-4700

*Counsel for Howard B. Schiller*

9