# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| 2012 DYNASTY UC LLC; FLINN INVESTMENTS, LLC; LAWRENCE FLINN, JR. 1975 TRUST FBO ADRIANE S. FLINN; LAWRENCE FLINN, JR. 1975 TRUST FBO LAWRENCE FLINN III; LFJR 2010 GRAT REMAINDER TRUST; LFJR 2012 DYNASTY LLC - SERIES A; LAWRENCE FLINN, JR. 1975 TRUST FBO MARION FLINN MOULTON; STEPHANIE AND LAWRENCE FLINN, JR. CHARITABLE TRUST; and STEPHANIE S. FLINN MASTER PARTNERSHIP,<br><br>                  Plaintiffs,<br><br>     v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC.; J. MICHAEL PEARSON; HOWARD B. SCHILLER; ROBERT L. ROSIELLO; TANYA CARRO;<br>and PRICEWATERHOUSECOOPERS,<br><br>                  Defendants. | **Civil Action No. 3:18-cv-08595 (MAS) (LHG)**<br><br>**(ORAL ARGUMENT REQUESTED)**<br><br>**Motion Day: August 6, 2018** |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' PARTIAL MOTIONS TO DISMISS THE COMPLAINT

Richard Hernandez
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey  07102
Telephone: (973) 848-8615
Facsimile: (973) 297-6615

Paul C. Curnin (*pro hac vice*)
Craig S. Waldman (*pro hac vice*)
Daniel J. Stujenske (*pro hac vice*)
Dean McGee (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Valeant Pharmaceuticals International, Inc. and Robert Rosiello*

(*Additional counsel listed on signature page*)

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT............................................................................................................................. 2

I.   THE CONVICTIONS OF GARY TANNER AND ANDREW DAVENPORT
     CONFIRM THAT PLAINTIFFS' NJ RICO ALLEGATIONS ARE UNTENABLE ....... 2

II.  PLAINTIFFS' NJ RICO CLAIMS ARE ALSO PREEMPTED BY SLUSA.................... 2

     A.   This Court's *Discovery Global* Decision Compels Dismissal Of All Of Plaintiffs'
          State-Law Claims.................................................................................................. 3

     B.   The Supreme Court's Decision In *Cyan* Does Not Salvage Plaintiffs' Claims...... 4

     C.   The Only On-Point Decision Issued Since *Cyan* Dismissed State-Law Claims
          Under Nearly Identical Circumstances ................................................................. 7

     D.   Plaintiffs' Argument Is Irreconcilable With SLUSA's Text ................................. 8

CONCLUSION.......................................................................................................................... 9

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund*,
  138 S. Ct. 1061 (2018) ...................................................................................... 5, 6, 7, 8

*Discovery Global Citizens Master Fund, Ltd. v. Valeant Pharm., Int'l,
  Inc.*,
  2018 WL 406046 (D.N.J. Jan. 12, 2018) ........................................................... 2, 4, 9

*Gordon Partners v. Blumenthal*,
  2007 WL 1438753 (S.D.N.Y. May 16, 2007), *aff'd,* 293 F. App'x 815
  (2d Cir. 2008) ................................................................................................................ 4

*In re Lehman Bros. Sec. & Erisa Litig.*,
  131 F. Supp. 3d 241 (S.D.N.Y. 2015) ...................................................................... 9

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*,
  547 U.S. 71 (2006) .................................................................................................. 6, 7, 8

*North Sound Capital LLC v. Merck & Co., Inc.*,
  2018 WL 2215518 (D.N.J. May 15, 2018) ............................................................ 7, 8

*Rowinski v. Salomon Smith Barney, Inc.*,
  398 F.3d 294 (3d Cir. 2005) .................................................................................... 6, 8

*Stichting Pensioenfonds ABP v. Merck & Co.*,
  2012 WL 3235783 (D.N.J. Aug. 1, 2012) .............................................................. 4

**Statutes**

15 U.S.C. § 78bb(f)(5)(B) ................................................................................................ 8, 9

**Legislative History**

S. Rep. No. 105–182 ........................................................................................................... 6

ii

**PRELIMINARY STATEMENT**

The Opposition Brief confirms that Plaintiffs' efforts to tack on state-law claims to their federal securities claims should be rejected for at least the following two reasons.

*First*, Plaintiffs do not dispute that dismissal of the NJ RICO claims asserted in related actions would require the dismissal of the NJ RICO claims here, regardless of SLUSA's application. Instead, in an effort to remedy the deficiencies in that RICO claim, Plaintiffs use their Opposition as an attempt to spin the recent convictions of Gary Tanner and Andrew Davenport as somehow favorable to their NJ RICO allegations. But those convictions are irreconcilable with Plaintiffs' RICO theory—repeated throughout the Complaint—that Valeant used Philidor as part of a RICO enterprise. Nothing could be further from the truth.

*Second*, Plaintiffs do not dispute that if the Court applies its January 2018 decision dismissing state law claims in the related *Discovery Global* case here, the same SLUSA preemption analysis requires dismissal of Plaintiffs' NJ RICO claims. Plaintiffs seek to avoid the application of this Court's prior decision by claiming—incorrectly—that its reasoning is no longer valid based on the Supreme Court's recent decision in *Cyan v. Beaver County*. This argument is unavailing. *Cyan* simply reaffirmed state courts' longstanding jurisdiction to hear federal claims under the 1933 Securities Act. It did not address SLUSA's provision preempting state law claims. Indeed, the only judicial decision addressing SLUSA preemption since *Cyan*— by Judge Wolfson of this District—adopted this Court's reasoned *Discovery Global* decision and dismissed state law claims under nearly identical circumstances. Plaintiffs simply ignore these inconvenient truths about their SLUSA argument.

## ARGUMENT

### I.   THE CONVICTIONS OF GARY TANNER AND ANDREW DAVENPORT CONFIRM THAT PLAINTIFFS' NJ RICO ALLEGATIONS ARE UNTENABLE

Plaintiffs assert that "facts revealed in the criminal trial of Gary Tanner and Andrew Davenport . . . corroborate Plaintiffs' RICO allegations." Opp. at 1.  To the contrary, Tanner and Davenport's convictions reflect that a jury found, beyond a reasonable doubt, that (1) Tanner and Davenport deceived Valeant concerning Philidor, including Tanner's financial interest in Philidor; (2) Tanner thwarted Valeant's efforts to diversify its alternative fulfillment program and reduce any dependence on Philidor; and (3) that Tanner sabotaged Valeant's negotiations in connection with the Philidor option agreement.[1]  Those convictions and relevant testimony are irreconcilable with Plaintiffs' allegations that the so-called RICO Enterprise "engaged in a mutually understood, agreed-upon and coordinated campaign of racketeering activity for financial gain." Compl. ¶ 72.  The convictions contradict these and other allegations and, accordingly, confirm that Plaintiffs' NJ RICO claims are baseless and should be dismissed with prejudice.

### II.   PLAINTIFFS' NJ RICO CLAIMS ARE ALSO PREEMPTED BY SLUSA

Defendants' argument is simple: SLUSA is equally applicable to Plaintiffs' NJ RICO claim as to other state-law claims.  Plaintiffs' sole response is to argue that this action is not a "covered class action." *See* Opp. at § II.  But this Court has already decided that the cases proceeding before it are covered class actions. *Discovery Global Citizens Master Fund, Ltd. v. Valeant Pharm., Int'l, Inc.*, 2018 WL 406046, at *5 (D.N.J. Jan. 12, 2018).  And counsel for

---

[1] *See* June 20, 2018 Letter from Richard Hernandez, (*Lord Abbett,* No. 3:17-cv-06365, ECF No. 105); July 6, 2018 Letter from Richard Hernandez, (*Lord Abbett*, No. 3:17-cv-06365, ECF No. 108).

Plaintiffs in this case has already conceded in a related case that *Discovery Global* compels the conclusion that these cases are "covered class actions":

> Recognizing that the Court has recently determined that several other related actions were part of a "covered class action," Plaintiffs will not argue that these Actions are not part of a "covered class action"—though they respectfully disagree with the holding and reserve all rights.

*Lord Abbett*, No. 3:17-cv-06365 (D.N.J. Feb. 5, 2018), ECF No. 83 (Opp. Br.) at 44 n.37.[2] That concession is dispositive because the Parties have stipulated—and this Court has ordered—that "[t]he Court's disposition of the *Lord Abbett* Motions to Dismiss shall be deemed to apply [here]" except for "grounds for dismissal . . . . raised in supplemental briefing in this action." ECF No. 11, Stipulation and Order §§ (b)–(c) (June 5, 2018). As shown below, Plaintiffs' attempts to avoid the Court's prior decision are unavailing.

**A.    This Court's *Discovery Global* Decision Compels Dismissal Of All Of Plaintiffs' State-Law Claims**

Plaintiffs do not dispute that this action asserts state-law claims and that there are currently twenty-nine coordinated lawsuits pending before this Court seeking damages on behalf of thousands of plaintiffs concerning the same subject matter. *See* Defs.' Br. at 4. Nevertheless, Plaintiffs argue that this action is not a "covered class action" subject to SLUSA dismissal because there are *currently* less than fifty plaintiffs in the coordinated actions asserting state-law claims. *See* Opp. at § II. Plaintiffs use the word "currently," Opp. at 8, to improperly exclude plaintiffs whose state-law claims have previously been dismissed by this Court in an effort to avoid crossing the fifty-plaintiff threshold. No authority supports Plaintiffs' narrow reading of

---

[2] The only SLUSA argument raised by Plaintiffs in *Lord Abbett* is that Valeant *notes* are not "covered securities"—an argument Plaintiffs tacitly concede is inapplicable here. *See* Defs.' Br. at 5 & n.6

SLUSA, which is contrary to this Court's *Discovery Global* decision and unanimous underlying precedent.

In *Discovery Global*, this Court recognized that SLUSA preempted state-law claims in six related opt-out actions given their coordination with the lead class action and other opt-out actions, regardless of whether each of those coordinated cases asserted state-law claims.  2018 WL 406046, at *6 ("The Court is satisfied that the level of coordination in these related matters—whether the Court considers only these six actions; these six actions and the class action; or these six actions, the class action, and the other opt-out actions—triggers SLUSA preemption.").  The Court also endorsed *Stichting Pensioenfonds ABP v. Merck & Co.*, 2012 WL 3235783 (D.N.J. Aug. 1, 2012), which dismissed state-law claims in individual actions that were coordinated with federal class actions, but where fewer than fifty plaintiffs asserted state-law claims.  Thus, under both decisions, state-law claims must be dismissed from any opt-out action so long as the related federal class action seeks damages on behalf of more than fifty plaintiffs.[3] While Plaintiffs attempt to distinguish *Discovery Global* and criticize *Stichting*, they do not and cannot dispute that both decisions support dismissal of their state-law claims here.[4]

B.     **The Supreme Court's Decision In *Cyan* Does Not Salvage Plaintiffs' Claims**

---

[3] Decisions from the Southern District of New York are in accord.  *See Gordon Partners v. Blumenthal*, 2007 WL 1438753, at *3 (S.D.N.Y. May 16, 2007) (holding that "the plain language of the statute compels the conclusion that plaintiffs' state law claims are precluded by SLUSA" where an opt-out action with less than fifty plaintiffs was coordinated with a "class action . . .  brought on behalf of more than 50 people" that asserted only federal securities claims), *aff'd,* 293 F. App'x 815 (2d Cir. 2008).

[4] Plaintiffs' observation that there were more than fifty opt-out plaintiffs asserting state law claims when *Discovery Global* was decided (Opp. at 3 n.4) is irrelevant, as the Court expressly held that SLUSA preemption was triggered "whether the Court considers only these six actions; these six actions and the class action; or these six actions, the class action, and the other opt-out actions."  2018 WL 406046, at *6.

In view of *Discovery Global* and *Stichting*, Plaintiffs have manufactured an argument that the Supreme Court's March 2018 decision in *Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund*, 138 S. Ct. 1061 (2018), somehow abrogated those decisions. *Cyan*, however, did not address SLUSA's preemption of state law claims in "covered class actions." Instead, the Court addressed two issues concerning SLUSA's "conforming amendments" to the Securities Act of 1933:

> First, did SLUSA strip state courts of jurisdiction over class actions alleging violations of only the Securities Act of 1933 (1933 Act), 48 Stat. 74, as amended, 15 U.S.C. § 77a et seq.? And second, even if not, did SLUSA empower defendants to remove such actions from state to federal court?

*Cyan*, 138 S. Ct. at 1066. The Court answered both questions in the negative, and otherwise reaffirmed its longstanding SLUSA precedents throughout the opinion. *Id.*

More specifically, defendants in *Cyan* argued that SLUSA bars state courts from hearing federal claims under the Securities Act of 1933. That argument bears no resemblance to Defendants' argument here (and the Court's decision in *Discovery Global*) that SLUSA bars state law claims for securities fraud from being asserted in federal court. Indeed, in *Cyan* the Supreme Court repeatedly reaffirmed that SLUSA's purpose is to preclude state law claims meeting its "covered class action" definition, including in mixed actions of federal and state law like this one. *See*, *e.g.*, *Cyan*, 138 S. Ct. at 1074 ("[A] competent state court faced with such a [mixed] suit would understand that [SLUSA] requires dismissal of state law claims—and that [the] jurisdictional grant over 1933 Act suits is not to the contrary.").[5] Accordingly, *Cyan* simply reinforces Defendants' reading of SLUSA here.

---

[5] The Court also dispatched the Solicitor General's position that federal 1933 Act Claims were removable under SLUSA on the same basis. *See Cyan*, 138 S. Ct. at 1076 ("*[F]ederal-law* suits like this one—alleging only 1933 Act claims—are not 'class action[s] as set forth in [SLUSA].'")

Indeed, while both *Discovery Global* and *Cyan* required interpretation and application of SLUSA, the similarities end there. Aside from citations to random snippets of the *Cyan* decision throughout their brief, Plaintiffs spend less than two pages discussing the Supreme Court's substantive textual analysis. *See* Opp. at 6–7. In those pages, Plaintiffs attempt to frame the issue in *Cyan* as a similar dispute over construction of SLUSA's "covered class action" definition. *See* Opp. at 6. But the issue in *Cyan* was different and specifically limited to the interplay between SLUSA and a longstanding provision of the Securities Act of 1933 expressly granting state courts permission to hear *federal* claims created under that act:

> SLUSA's text, read most straightforwardly, leaves in place state courts' jurisdiction over 1933 Act claims, including when brought in class actions. Recall that the background rule of § 77v(a)—in place since the 1933 Act's passage—gives state courts concurrent jurisdiction over all suits "brought to enforce any liability or duty created by" that statute. See *supra,* at 1066. . . . The critical question for this case is therefore whether [SLUSA] limits state-court jurisdiction over class actions brought under the 1933 Act. It does not. [SLUSA] bars certain securities class actions based on *state* law. . . .[I]t says nothing, and so does nothing, to deprive state courts of jurisdiction over class actions based on *federal* law.

*Cyan*, 138 S. Ct. at 1069 (citations omitted) (emphasis in original).

Similarly baseless is Plaintiffs' argument that *Cyan* "debunks" the well-established principle that Congress "envisioned a broad interpretation of SLUSA to ensure the uniform application of federal fraud standards." *See* Opp. at 10. Relying on legislative history, both the Third Circuit and the Supreme Court have long held that SLUSA is to be applied broadly. *See e.g., Rowinski v. Salomon Smith Barney, Inc.*, 398 F.3d 294, 299 (3d Cir. 2005) ("Congress envisioned a broad interpretation of SLUSA to ensure the uniform application of federal fraud standards.") (citing S. Rep. No. 105–182). In fact, *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71 (2006)—which is cited favorably throughout *Cyan*—unambiguously held that "[t]he presumption that Congress envisioned a broad construction follows not only from ordinary

6

principles of statutory construction but also from the particular concerns that culminated in

SLUSA's enactment.  A narrow reading of the statute would undercut the effectiveness of the

1995 Reform Act and thus run contrary to SLUSA's stated purpose. . . ." *Id.* at 86.  Indeed, *Cyan*

itself explicitly described the definition of a "covered class action" as "broad."  *See Cyan* at 1071

(noting SLUSA's  "broad definition of 'covered class action'").  Accordingly, *Cyan* reaffirmed

the Court's longstanding precedent emphasizing that SLUSA is to be read broadly to preempt

state-law securities claims.  *Cyan*, 138 S. Ct. at 1072.

> ### C.       The Only On-Point Decision Issued Since *Cyan* Dismissed State-Law Claims Under Nearly Identical Circumstances

Plaintiffs' argument that *Cyan* abrogated *Discovery Global* has been rejected by a

directly on-point case from this District, issued two months after *Cyan*, which Plaintiffs did not

bring to the Court's attention.  In *North Sound Capital LLC v. Merck & Co., Inc.*, 2018 WL

2215518, at *1 (D.N.J. May 15, 2018), Judge Wolfson analyzed SLUSA's fifty-plaintiff

threshold for preemption and concluded that the calculation includes both plaintiffs who asserted

state-law claims and those who did not.  There, a group of sixteen institutional investors opted

out of two class actions and filed four individual actions asserting claims under the Securities

Exchange Act of 1934, as well as a state-law fraud claim.  *Id.* at *1.  The *North Sound* plaintiffs

argued—like Plaintiffs here—that their opt-out actions asserting state-law claims should not be

grouped with the class actions for purposes of evaluating SLUSA's fifty-plaintiff requirement

because the class actions did not include state-law claims.  *Id.* at *9.  Judge Wolfson squarely

rejected this attempt to circumvent SLUSA, holding "that the Individual Actions can be grouped

with the Vytorin Class Actions to satisfy SLUSA's 50–persons threshold." *Id.* at *10.  The *North*

*Sound* decision likewise contradicts Plaintiffs' argument that only "currently" pending actions

are counted when assessing whether the fifty-plaintiff threshold has been reached.  In *North*

*Sound*, Judge Wolfson found that SLUSA applied even after the federal class actions had settled, leaving less than fifty plaintiffs currently pending in the related group of cases.  *Id.*

Notably, Judge Wolfson cited *Cyan* for the proposition that "both the Supreme Court and the Third Circuit have endorsed a broad interpretation of SLUSA's definition of a 'covered class action.'"  *Id.* at \*13 (citing *Cyan*, 138 S.Ct. at 1071; *Dabit*, 547 U.S. at 86; and *Rowinski*, 398 F.3d at 299); *see also id.* ("[V]arious courts, both within and outside of this Circuit, have interpreted SLUSA's definition of a 'covered class action' expansively. . . .")  Judge Wolfson also endorsed this Court's *Discovery Global* decision, and its adoption of *Stichting*, in evaluating the scope of SLUSA's preemption provision.  *Id.* at \*14.  Accordingly, *North Sound* forecloses any argument that *Cyan* undermines SLUSA's application to all of Plaintiffs' state-law claims.

### D.       Plaintiffs' Argument Is Irreconcilable With SLUSA's Text

In *Cyan*, Justice Kagan rejected the petitioners' attempt to "cherry pick" SLUSA by reading it out of context and omitting key words.  *Cyan*, 138 S. Ct. at 1070; *see also id.* at 1077.  Plaintiffs' proposed statutory construction here is similarly flawed.  Indeed, Plaintiffs summarize their textual argument as follows:

> By its plain text, SLUSA only precludes state law claims asserted by a group of actions that **all** (1) assert state law claims (2) in connection with the purchase or sale of a covered security.  No such group is **currently** pending before this Court.

Opp. at 8 (citations omitted) (emphasis added).  But the words "all" and "currently" are Plaintiffs' creation—they are not in the statute.  SLUSA defines "covered class action" as "any group of lawsuits **filed in or pending in the same court**."  15 U.S.C. § 78bb(f)(5)(B) (emphasis added).  There is no statutory requirement that all lawsuits in the group assert a state-law claim.  Even if Plaintiffs were correct that SLUSA applies only where at least fifty plaintiffs assert state-law claims (as discussed in Section II.A above, they are not), that "requirement" has been satisfied here.  At least fifty plaintiffs have asserted state-law claims in cases "filed" in this court,

8

and nothing in SLUSA supports Plaintiffs' assertion that all of those claims must remain "pending" for SLUSA to apply.  *See In re Lehman Bros. Sec. & Erisa Litig.*, 131 F. Supp. 3d 241, 267 (S.D.N.Y. 2015) ("Note that 'filed in' is a past-tense modifier, meaning that *settled* class actions *do* count towards the 50–person SLUSA threshold on this score even if they do not satisfy the 'pending' criterion." (emphasis in original))  This Court has already dismissed state-law claims brought by fifty-five plaintiffs in this same group of related actions and rejected the "argument that each of these [] actions are separate and independent from . . . the other opt out actions."  *Discovery Global*, 2018 WL 406046, at *6.  Thus, under a straightforward reading of SLUSA, this case remains part of a "group" of lawsuits representing more than fifty plaintiffs asserting state-law claims, all of which were "filed . . . in the same court."  15 U.S.C. § 78bb(f)(5)(B).[6]

## CONCLUSION

Defendants respectfully request that the Court dismiss with prejudice Counts I, II, III, VI, and VII of the Complaint.

Dated: July 27, 2018

/s/  *Richard Hernandez*
Richard Hernandez
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey  07102
Telephone: (973) 848-8615
Facsimile: (973) 297-6615

---

[6] Plaintiffs' argument would lead to bizarre results.  Under Plaintiffs' theory, when a group of actions is brought that include state-law claims related to securities purchases, those claims must be dismissed, except for precisely 49 plaintiffs who would be permitted to assert such claims.  Then, if more cases were filed, additional plaintiffs' claims would need to be dismissed until only 49 plaintiffs again remained.  And so on.  Nothing in the text, legislative history, or policy rationale of SLUSA supports Plaintiffs' theory of an ever-shifting set of claims and plaintiffs in a "covered class action."

Paul C. Curnin (*pro hac vice*)
Craig S. Waldman (*pro hac vice*)
Daniel J. Stujenske (*pro hac vice*)
Dean McGee (*pro hac vice)*
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Valeant Pharmaceuticals
International, Inc., Robert L. Rosiello, and Tanya
Carro*

**COOLEY LLP**

/s/ *William J. Schwartz*
William J. Schwartz
Laura G. Birger
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 479-6000
Fax: (212) 479-6275

*Counsel for Tanya Carro*

**WINSTON & STRAWN LLP**

/s/ *James S. Richter*
James S. Richter
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Fax: (212) 294-4700

*Counsel for Howard B. Schiller*

**DEBEVOISE & PLIMPTON LLP**

/s/ *Holly S. Wintermute*
Holly S. Wintermute (*pro hac vice pending*)
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Fax: (212) 909-6836

Jonathan R. Tuttle (*pro hac vice*)
Ada. F. Johnson
801 Pennsylvania Avenue, NW
Washington, D.C. 20004
Telephone: (202) 383-8000
Fax: (202) 383-8118

*Counsel for J. Michael Pearson*

**CHIESA SHAHINIAN & GIANTOMASI PC**

/s/ *A. Ross Pearlson*
A. Ross Pearlson
One Boland Drive
West Orange, NJ 07052
Telephone: (973) 530-2100
Fax: (973) 530-2300

*Local Counsel for PricewaterhouseCoopers LLP*

**KING & SPALDING LLP**

James J. Capra (*pro hac vice* )
1185 Avenue of the Americas
New York, NY 10036

10

Telephone: (212) 556-2100
Fax: (212) 556-2222

Kenneth Y. Turnbull (*pro hac vice*)
1700 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 737-0500
Fax: (202) 626-3737

*Counsel for PricewaterhouseCoopers LLP*

11