UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

**LETTER OPINION & ORDER**

**VIA CM/ECF**
All counsel of record

Re:  *2012 Dynasty UC LLC v. Valeant Pharmaceuticals International, Inc.*
No. 18-08595 (MAS) (LHG)

Dear Counsel:

This matter comes before the Court on Defendants Valeant Pharmaceuticals International, Inc.; J. Michael Pearson; Howard B. Schiller; Robert L. Rosiello; Tanya Carro ("Valeant Defendants"); and PricewaterhouseCoopers LLP's ("PwC") Partial Motion to Dismiss. (ECF No. 33.) Plaintiffs 2012 Dynasty UC LLC ("Dynasty"); and Flinn Investments, LLC; Lawrence Flinn, Jr. 1975 Trust FBO Adriane S. Flinn; Lawrence Flinn, Jr. 1975 Trust FBO Lawrence Flinn III; LFJR 2010 GRAT Remainder Trust; LFJR 2012 Dynasty LLC-Series A; Lawrence Flinn, Jr. 1975 Trust FBO Marion Flinn Moulton; Stephanie and Lawrence Flinn, Jr. Charitable Trust; and Stephanie S. Flinn Master Partnership ("Privet Plaintiffs") opposed (ECF No. 38), and Valeant Defendants and PwC (collectively "Defendants") replied (ECF No. 44). The Court has carefully considered the parties' arguments and pursuant to Local Civil Rule 78.1 decides the motion without oral argument. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss.

I.  **Discussion**

The Court assumes the parties' familiarity with the underlying factual allegations and recites the facts and procedural history only to the extent necessary to decide the instant motion. On April 30, 2018, Dynasty and Privet Plaintiffs (collectively, "Plaintiffs") filed an eight-count Complaint alleging, among other things, "a massive, fraudulent scheme perpetrated by Valeant, its senior executives, auditors, and those working in concert with them to artificially inflate the price of Valeant's securities through a clandestine pharmacy network, deceptive pricing and reimbursement and fictitious accounting." (Compl. ¶ 1, ECF No. 1.)

This action arises out of the same facts and circumstances as the class action currently pending before the Court under docket number 15-7658. This action, and the class action, are among thirty individual lawsuits, which allege similar facts and involve common issues of law, that were coordinated for pretrial purposes on October 12, 2018. (Case Management Order 1, ECF No. 59.)

On June 5, 2018, the Court entered the parties' stipulation that the Court's disposition of the Motions to Dismiss filed in *Lord Abbett Investment Trust–Lord Abbett Short Duration Income Fund, et al. v. Valeant Pharmaceuticals International, Inc., et al.* (*Lord Abbett*), No. 17-6365, would apply to the claims brought by Plaintiffs in this action. (Stipulation and Order 2, ECF No. 11.) The parties further agreed that any grounds for dismissal not raised in *Lord Abbett* could be

raised in this matter through supplemental briefing. (*Id.*)

On June 15, 2018, Defendants filed their moving brief arguing that Counts I, II, III, VI, and VII are preempted by the Securities Litigation Uniform Standards Act ("SLUSA"). (Defs.' Moving Br. 1, ECF No. 33-1.) On July 13, 2018, Plaintiffs opposed Defendants' motion arguing that Defendants' definition of a "covered class action" was at odds with the United States Supreme Court's recent holding in *Cyan, Inc. v. Beaver County Employees Retirement Fund*, 138 S. Ct. 1061 (2018). (Pls.' Opp'n Br. 2-3, ECF No. 38.) On July 27, 2018, Defendants replied, disputing the applicability of the holding in *Cyan* to this matter and urging the Court to follow its previous decision in *Discovery Global Citizens Master Fund, Ltd. v. Valeant Pharmaceuticals, International, Inc.* (*Discovery Global*), No. 16-7321. (*See* Defs.' Reply 1, ECF No. 44.)

On July 31, 2018, the Court granted in part and denied in part Defendants' Motions to Dismiss in *Lord Abbett*. Specifically, the Court found that the "negligent misrepresentation and fraud claims are inextricably linked to an alleged fraud that caused the price of a 'covered security,' Valeant stock, to artificially inflate, which directly impacted notes." *Lord Abbett*, No. 17-6365, 2018 WL 3637514, at *10 (D.N.J. July 31, 2018). The Court noted that "[a]llowing Plaintiffs to proceed on their state law negligent misrepresentation and fraud claims, therefore, would directly contravene Congress's intent behind SLUSA's preemption provision as interpreted by the Supreme Court in *Dabit*." *Id.* (interpreting *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71 (2006)). The same reasoning applies with equal force here. Specifically, Counts VI and VII, Common Law Fraud/Fraudulent Inducement and Negligent Misrepresentation, respectively, "originate from fraudulent statements that caused Valeant stock to trade at inflated prices." *Id.* at *9; *see* Compl. ¶¶ 435-53 (alleging that Plaintiffs would not have purchased Valeant common stock at the prices they purchased at if "they had known the true facts"). The Court, accordingly, finds that Counts VI and VII are preempted by SLUSA.

In *Lord Abbett*, the Court found that the counts for violations of New Jersey's Racketeering Statute ("N.J. RICO"), N.J. RICO Conspiracy, and N.J. RICO Aiding and Abetting were sufficiently pled as to the Valeant Defendants at the motion to dismiss stage of the litigation. *See Lord Abbett*, 2018 WL 3637514, at *5-7. Specifically, the Court found that the plaintiffs "sufficiently pled the existence of an 'enterprise,'" sufficiently "alleged the requisite pattern of racketeering activity," and sufficiently pled an agreement between the defendants. *Id.* The Court found that the same N.J. RICO claims as to PwC were subject to dismissal because the complaint "did not establish a plausible basis for PwC's participation in an 'enterprise' under N.J. RICO, nor did the pleadings establish an agreement by PwC to participate in the enterprise or conspiracy." *Id.* at *7.

In addition to the arguments advanced in *Lord Abbett*, in the instant matter, Defendants argue that Plaintiffs' N.J. RICO counts, Counts I, II, and III, are preempted by SLUSA. In brief, Defendants argue that this matter is a "covered class action" as defined in SLUSA because this matter is one of twenty-eight opt-out actions before the Court and that these matters have been increasingly coordinated since the Court's opinion in *Discovery Global*. (Defs.' Moving Br. 3-4 (citing *Discovery Global*, No. 16-7321, 2018 WL 406046 (D.N.J. Jan. 12, 2018)).) In *Discovery Global*, the Court found that the coordination between those opt-out actions, the class action, and other opt-out action was sufficient to trigger SLUSA preemption. *Discovery Global*, 2018 WL 406046, at *6. Defendants urge the Court to reach the same conclusion here. Next, Defendants argue that all four factors of the four-factor test for determining whether Plaintiffs' state law claims "allege a misrepresentation or deceptive device in connection with a securities trade," are satisfied. (Defs.'

Moving Br. 5-7.)

Plaintiffs oppose arguing that Defendants have inappropriately split the SLUSA preemption analysis into two arguments amounting to a "statutory sleight-of-hand." (Pls.' Opp'n Br. 5.) Plaintiffs interpret SLUSA to preclude "state law claims asserted by a group of actions that all (1) assert state law claims (2) in connection with the purchase or sale of a covered security." (*Id.* at 8.) Plaintiffs assert that "only six actions currently maintain state law claims, and those actions represent claims on behalf of only thirty-three plaintiffs." (*Id.*) Plaintiffs argue this group of plaintiffs must be further reduced because ten state pension funds must be excluded from the count by operation of 15 U.S.C. § 78bb(f)(3)(B). (*Id.* at 9.) Plaintiffs base their argument almost exclusively on the Supreme Court's opinion in *Cyan*. (*See generally id.*)

SLUSA's state-law class-action bar reads:

> No *covered class action* based upon the statutory or common law of any State . . . may be maintained in any State or Federal court by any private party alleging—
>
> (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 78bb(f)(1) (emphasis added). As relevant here, a "covered class action" is: "any group of lawsuits *filed in* or *pending in* the same court and involving common questions of law or fact, in which—(I) damages are sought on behalf of more than 50 persons; and (II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose." 15 U.S.C. § 78bb(f)(5)(B)(ii) (emphasis added).

The Court disagrees with Plaintiffs' interpretation of the SLUSA's state-law class-action bar, the definition of a covered class action, and the import of *Cyan*.[1] Plaintiffs' proffered definition of a covered class action artificially limits the number of suits eligible to be counted in the total to those that "currently" maintain state law claims. This interpretation has no basis in the text of the statute. Moreover, if the Court were to adopt such an interpretation, it would lead to an absurd result. Plaintiffs' argument is, in effect, that because certain state law claims have already been

---

[1] In *Cyan*, the questions before the Supreme Court were whether "SLUSA strip[s] state courts of jurisdiction over class actions alleging violations of only the Securities Act of 1933 . . . ? And second, even if not, did SLUSA empower defendants to remove such actions from state to federal court?" *Cyan*, 138 S. Ct. at 1066. In *Cyan*, the Supreme Court certainly discussed the definition of a "covered class action;" however, this discussion was brief and the definition was not in controversy because the plaintiffs did not dispute that their suit qualified as a covered class action. *Id.* at 1068. Accordingly, Plaintiffs' reliance on *Cyan* is misplaced.

3

dismissed,[2] the Court must ignore those previously brought and now dismissed claims when assessing whether the instant matter is a covered class action under SLUSA. Plaintiffs' approach is contrary to the text of statute that requires the Court to consider lawsuits "filed in" or "pending in" this Court. 15 U.S.C. § 78bb(f)(5)(B)(ii).

The Court, accordingly, is satisfied that the instant action is a covered class action that triggers SLUSA preemption. Of significant importance to the Court is the October 12, 2018 Case Management Order ordering that this matter and twenty-nine other matters be coordinated for pretrial purposes. At the least, the Case Management Order establishes that this matter and the twenty-nine other matters are "proceed[ing] as a single action for any purpose." 15 U.S.C. § 78bb(f)(5)(B)(ii)(II). The Court also finds that this group of lawsuits involves common questions of law and fact and damages are sought for more than fifty persons. *See* 15 U.S.C. § 78bb(f)(5)(B)(ii). As a result, the Court finds that this matter is a "covered class action" as defined in SLUSA. The Court's analysis of SLUSA preemption of N.J. RICO claims in *Hound Partners* applies with equal force here. *See Hound Partners*, 2018 WL 4401731, at *5 (The Court . . . sees no reason to differentiate between the N.J. RICO claims and the state common law claims on the issue of SLUSA preemption. In fact, the text of SLUSA specifically refers to state statutory claims."). The Court, therefore, finds Counts I, II, and III are preempted by SLUSA.

For the reasons stated above, the Court grants Defendants' Motion to Dismiss. The Court dismisses Counts I, II, III, VI and VII as preempted by SLUSA.

## II. Order

Based on the foregoing, and for other good cause shown,

IT IS on this *10th* day of December, 2018 **ORDERED** that:

1. Defendants' Motion to Dismiss (ECF No. 33) is **GRANTED**.

2. Counts I, II, III, VI, and VII are dismissed.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court has already determined that certain state law claims, asserted by similarly situated plaintiffs alleging similar facts and theories of law as Plaintiffs assert here, were preempted by SLUSA. *See Discovery Global*, 2018 WL 406046, at *6; *Hound Partners Offshore Fund, LP v. Valeant Pharm. Int'l, Inc.* (*Hound Partners*), No. 18-8705, 2018 WL 4401731, at *5 (D.N.J. Sept. 14, 2018) (dismissing N.J. RICO claims as preempted by SLUSA).